**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GALES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-355** |
| **STATE FARM MUTUAL**<br>**AUTOMOBILE INSURANCE COMPANY,**<br>**ET. AL** | **SECTION "C" (1)** |

## ORDER & REASONS[1]

Before the Court are (1) the parties memoranda filed in response to the Court's Order to

submit memoranda directed at the issue of whether the jurisdictional minimum existed at the

time of removal (Rec. Docs. 14, 15, 16); (2) the Motion to Remand filed by Plaintiffs LaTasha

Gales and Sandra Branch (Rec. Doc. 8); and (3) the Motion to Dismiss filed by Defendant Eric

Teplitz.  (Rec. Doc.17).  Based on the memoranda of counsel, the record, and the law, the Court

remands the case for the following reasons.

BACKGROUND

Plaintiffs LaTasha Gales and Sandra Brach originally filed suit with the Civil District

Court for the Parish of Orleans for damages caused by an automobile accident. (Rec. Doc.1–1 at

---

[1]Rachael McMillan, a first year student at Tulane University Law School, assisted in the
preparation of this Order & Reasons.

3). Defendants removed the matter on the basis of diversity jurisdiction under 28 U.S.C. §1332. (Rec. Doc. 1 at 4). This Court ordered the parties to submit memoranda regarding whether the jurisdictional amount of at least $75,000 existed at the time of removal. (Rec. Doc.14). Defendants, as the removing party, argue that the alleged injuries resulting from the car crash are "facially apparent" in that the plaintiff would likely be awarded more than $75,000 if the injuries are proven. (Rec. Doc.15 at 2-3). In response, the Plaintiffs concede that the amount in controversy exceeds the jurisdictional amount. (Rec. Doc. 16 at 1).

LAW AND ANALYSIS

Louisiana law does not permit plaintiffs to plead a specific amount of money damages. *See* La.Code Civ. P. § 893. As a result, the removing party is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F,3d 848, 850 (5th Cir. 1999). This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum, or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis v. Dow Quimica De Colombia, S.A.*, 988 F.2d 599, 566 (5th Cir. 1993). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Id.*

In this case, the Plaintiffs' complaint alleges "severe and disabling injuries" and seeks damages for past and future physical pain and suffering, mental pain and suffering, property damage, loss of use of vehicle, depreciation, rental expenses, medical expenses, loss of past earnings, loss of future earning capacity, permanent disability of the body, loss of consortium,

loss of enjoyment of life, penalties and attorneys' fees. (Rec. Doc. 1-1 at 5). The petition was filed in the Civil District Court for the Parish of Orleans and did not state the amount of money damages. (Rec. Doc. 1-1 at 3). The record provides no specific description regarding the Plaintiffs' injuries to determine that the cost facially exceeds the jurisdictional amount. Because it was not facially apparent to this Court that the alleged injuries met or exceeded the jurisdictional amount, the parties were ordered to provide affirmative proof of the amount of the loss. (Rec. Doc. 14).

The parties' memoranda did not satisfy the court that the jurisdictional minimum has been met. The Plaintiffs conceded in their Memorandum Regarding Jurisdictional Amount that the loss is more than the jurisdictional amount of $75,000 without providing any affirmative proof as to the amount lost. (Rec. Doc. 16 at 1). Similarly, the Defendants claim in their Memorandum in Response to the 3/29/12 Order that it is facially apparent that the Plaintiffs' injuries would likely be awarded more than the jurisdictional amount of $75,000, yet give no affirmative proof to justify this assertion. (Rec. Doc. 15 at 1-2). The Court ordered the parties to provide a copy of the proof of loss and the affirmative proof as to the amount of loss, yet such proof was not provided. (Rec. Doc. 14). Thus, because the Defendants have not met their burden of showing that the jurisdictional amount in controversy exceeds $75,000, this Court finds that remand is appropriate.

CONCLUSION

The Court determines that the minimum amount in controversy has not been satisfied and REMANDS the matter to the state court.

Accordingly,

IT IS ORDERED that the above-captioned case is REMANDED to the District Court for the Parish of Orleans for the reasons set forth in this Order.

IT IS FURTHER ORDERED that the Plaintiffs LaTasha Gales and Sandra Branch's Motion to Remand is DENIED AS MOOT.  (Rec. Doc. 8).

IT IS FURTHER ORDERED that Defendant Eric Teplitz's Motion to Dismiss is DENIED AS MOOT. (Rec. Doc. 17)

New Orleans, Louisiana, this 22nd day of May, 2012.

`

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**